UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH AMBROSE,

    Petitioner,                                       Case No. 05-CV-70924-DT
                                                        HONORABLE AVERN COHN

v.

BLAINE LAFLER,

    Respondent.
_____/

**ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND
DISMISSING PETITION AS BARRED BY THE STATUTE OF LIMITATIONS**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Joseph Ambrose, (Petitioner), is a state inmate serving a sentence of life imprisonment for one count of first-degree murder, Mich. Comp. Laws § 750.316. Petitioner has filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has not filed a response to the motion for summary judgment. For the reasons stated below, petitioner's application for a writ of habeas corpus will be dismissed as barred by the statute of limitations.

**II. Procedural History**

Petitioner was convicted of the above offense following a jury trial in the Eaton County Circuit Court and was sentenced on October 14, 1986.

Petitioner never filed a claim of appeal in his case. However, nearly two years

after his sentencing, on March 18, 1988, petitioner wrote a letter to the Eaton County Circuit Court, in which he inquired about the status of his appeal. On March 21, 1988, the Eaton County Circuit Court Clerk's office sent petitioner a letter, advising him that there was no request from him for the appointment of appellate counsel.

On June 28, 1990, petitioner requested a copy of the court documents and trial transcripts from the Eaton County Circuit Court Clerk's office, so he could prepare a post-conviction motion. On July 18, 1990, petitioner received a copy of the court documents, but not the trial transcripts. One of the documents that petitioner received was a copy of his Notice of Appeal Rights form which had been given to him at the time of sentencing. Upon reviewing this document, petitioner learned that the reason that appellate counsel had not been appointed for him was due to the fact that he had failed to sign the bottom of the form requesting the appointment of appellate counsel.

On August 7, 1990, petitioner filed a formal motion for the production of his transcripts. The trial court never responded to the motion. Petitioner indicates in his petition that "[I]n light of his many failed attempts to secure the record and obtain review, Plaintiff became discouraged and essentially gave up on the matter." [1]

On April 22, 1999, petitioner renewed his requests for his trial transcripts. The court clerk sent petitioner a copy of the court documents, but not the transcripts. On May 10, 1999, petitioner made a second request for the transcripts, but they were not provided. Finally, petitioner filed a formal motion for production of the transcripts on July 15, 1999. On January 25, 2000, the trial court denied the motion. *People v. Ambrose,* 86-50-FC (Eaton County Circuit Court, January 25, 2000).

---

[1] *See* Petition for Writ of Habeas Corpus, p. 2.

Petitioner filed a post-conviction motion for relief from judgment with the trial court under M.C.R. 6.500, *et. seq.* on April 5, 2000.  In his motion for relief for judgment, petitioner asked the trial court to restore his appeal of right by re-sentencing him on the original conviction.  The motion was denied on April 13, 2000. *People v. Ambrose,* 86-50-FC (Eaton County Circuit Court, April 12, 2000).  Petitioner never appealed the denial of his post-conviction motion to the appellate courts.

On March 24, 2004, petitioner filed a complaint for superintending control in the Michigan Court of Appeals, asking the court to restore his right to appeal.  The motion for superintending control was denied. *In Re Ambrose,* 254512 (Mich.Ct.App. June 15, 2004).  The Michigan Supreme Court denied petitioner leave to appeal on December 29, 2004. *Ambrose v. Eaton Circuit Judge,* 471 Mich. 951 (2004).  The instant habeas petition was signed and dated February 10, 2005. [2]

### III.  Analysis

Under 28 U.S.C. § 2244(d)(1) of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  This section states that the one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

---

[2] Under the prison mailbox rule, this court will assume that petitioner actually filed his habeas petition on February 10, 2005, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

3

>by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Here, petitioner was sentenced on October 14, 1986. For purposes of commencing the one year limitations period under § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter,* 35 Fed. Appx. 111, 114 (6th Cir. 2002). Because petitioner never appealed his conviction, the one year time period for filing his habeas petition would begin to run for petitioner after the expiration of the time limit that petitioner had under state law to file the direct appeal from his conviction. *See McAfee v. Angelone*, 87 F. Supp. 2d 605, 606 (W.D. Va. 2000). Under M.C.R. 7.205(F), as it was in effect at the time of petitioner's sentencing, petitioner had eighteen months after his sentence to file a delayed application for leave to appeal. The one year statute of limitations therefore commenced in his case on April 14, 1988, after the eighteen month period for petitioner to file an application for leave to appeal with the Michigan Court of Appeals expired. However, because petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *See Hudson v. Jones,* 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999)

The Court recognizes that petitioner may not have discovered that his right to

appeal had been forfeited by his failure to sign the request for the appointment of appellate counsel until a later date. Under to 28 U.S.C. § 2244(d)(1)(D), the one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence. However, the time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *Se Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). Moreover, the limitations period begins to run under § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *Id;*(citing *Owens v. Boyd,* 235 F. 3d 356, 359 (7th Cir. 2000)); *See also Brooks v. McKee,* 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004).

Here, petitioner, by his own admission, discovered that he had forfeited his right to appeal by failing to request the appointment of appellate counsel when he received his Notice of Appeal Rights form on July 18, 1990. Because petitioner knew about the information underlying his claim prior to the enactment date of the AEDPA, he would have had a one year grace period from the enactment of the AEDPA to timely file his petition for writ of habeas corpus, unless of course, the one year period was otherwise tolled. *See Powell v. Williams*, 981 F. Supp. 1409, 1413 (D.N.M. 1997). Therefore, regardless of whether the one year limitations period commenced when the time for seeking leave to appeal expired or on the date that petitioner discovered that he had failed to request the appointment of appellate counsel to perfect his appeal, petitioner had one year from the AEDPA's enactment date of April 24, 1996 to timely file a writ of

habeas corpus with the federal court. Because petitioner did not file his petition by April 24, 1997, it is time barred absent any additional tolling.

Although petitioner filed a post-conviction motion for relief from judgment with the trial court on April 5, 2000, the one year limitation period had already expired. As such, the filing of a motion for state post-conviction relief will not add new time to the limitations period and therefore did not toll the statute of limitations.

Moreover, the fact that petitioner was using his post-conviction motion to restore his appeal rights would not extend the time for filing a habeas petition. A motion to extend time to appeal or to file a late notice of appeal does not extend the AEDPA's limitations period. *See Bethea v. Girdich,* 293 F. 3d 577, 579 (2nd Cir. 2002). Nor would petitioner's post-conviction motion to restore his appellate rights which was filed many years after his right to file a timely direct appeal had expired toll the limitations pursuant to § 2244(d)(2). *See Schlueter v. Varner,* 384 F. 3d 69, 78-79 (3rd Cir. 2004); *cert. den. sub. nom. Schlueter v. Wynder,* 125 S. Ct. 2261 (2005).

As to any additional tolling, although petitioner did not file a response to the motion for summary judgment, petitioner contends in the petition that he was unable to timely file his motion for post-conviction relief, because the trial court failed to provide him with his trial transcripts, thus appearing to argue that the statute of limitations should be equitably tolled. The doctrine of equitable tolling should be used "sparingly," *Dunlap v. United States*, 250 F. 3d 1001, 1008-9 (6th Cir. 2001). A petitioner's lack of access to his trial transcripts does not preclude a habeas petitioner from commencing post-conviction proceedings and would not equitably toll the limitations period for filing a petition for writ of habeas corpus. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 751-52

(E.D. Mich. 2002). "Possession of a transcript is not a 'condition precedent' to the filing of a state post-conviction motion." *Grayson,* 185 F. Supp. 2d at 752 (citing to *Gassler,* 255 F. 3d at 495).

Petitioner could have timely filed a post-conviction motion for relief from judgment with the state trial court, after which the trial court could have ordered production of the transcripts. Moreover, by his own admission, petitioner waited almost nine years, from August 7, 1990, until April 22, 1999, before again requesting his trial transcripts. Because petitioner failed to exercise due diligence in attempting to obtain his transcripts, he is not entitled to equitable tolling on his basis. *See Young v. Curtis,* 102 Fed. Appx. 444, 446-47 (6th Cir. 2004); *cert. den. sub. nom. Young v. Vasbinder,* 125 S. Ct. 1308 (2005); *reh. den.* 125 S. Ct. 1833 (2005). Petitioner also does not explain why he failed to appeal the denial of his post-conviction motion to the Michigan appellate courts, but waited instead four years before filing a complaint for superintending control with the Michigan Court of Appeals. Thus, petitioner is not entitled to equitable tolling.

## IV.  Conclusion

For the reasons stated above, the petition for writ of habeas corpus is **DENIED** and the matter is **DISMISSED under 28 U.S.C. § 2244(d)(1).**

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　 s/Avern Cohn
　　　　　　　　　　　　　　　　　　　　**HON. AVERN COHN**
Dated: November 14, 2005　　　　　UNITED STATES DISTRICT JUDGE
　　Detroit, Michigan