**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOSEPH AMBROSE,

    Petitioner,                                Case No. 05-CV-70924-DT
                                                   HONORABLE AVERN COHN

v.

BLAINE LAFLER,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RULE 60(b) RELIEF FROM JUDGMENT OR ORDER

I.

This is a habeas case under 28 U.S.C. § 2254. On March 10, 2005, Petitioner filed a <u>pro se</u> petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner did not file a response to the motion. On November 14, 2005, the Court granted Respondent's motion and dismissed the petition as barred by the statute of limitations.

Now before the Court is Petitioner's motion under Fed. R. Civ. P. 60(b). The motion was filed, through counsel, on August 1, 2007, over a year and half after the Court's dismissal. For the reasons that follow, the motion is DENIED.

II.

Under Federal Rule of Civil Procedure 60(b), a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1)

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

III.

Petitioner appears to argue that 60(b) relief is warranted because he was never notified of his right to file a response to Respondent's motion for summary judgment. Having reviewed the matter, the Court concludes that it did not err in dismissing the habeas petition for failure to comply with the one-year statute of limitations. In the order of dismissal, the Court explained in detail why the petition was time barred. Briefly, Petitioner was convicted in 1986 and did not file a timely appeal. The Court explained that because Petitioner's conviction became final prior to the enactment of the AEDPA and because Petitioner became aware that he had forfeited his right to appeal by failing to request the appointment of appellate counsel prior to the enactment of the AEDPA, he had one year from the date of its enactment, or until April 24, 1997 to timely file a petition for habeas relief with the federal court. Petitioner did not file his petition until 2005, well after the statute of limitations expired. The Court also explained why Petitioner was not entitled to equitable tolling.

The fact that Petitioner did not file a response does not change this result. While Petitioner says that the dismissal prevents him from asserting his rights under habeas law and therefore amounts to a due process violation, a dismissal due to the expiration of the statute of limitations does not implicate due process. See Cook v. Stegall, 295 F.3d 517, 520 (6th Cir. 2002) (holding that the one-year "reasonable time" after the enactment of the AEDPA to file a habeas petition does not violate due process).

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 7, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record and F. Randall Karfonta, F. Randall Karfonta Assoc., 113 N. Main, P.O. Box 565 Leland, MI 49654-0565 on this date, August 7, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160