UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH AMBROSE,

    Petitioner,                               Case No. 05-CV-70924-DT
                                          HONORABLE AVERN COHN

v.

BLAINE LAFLER,

    Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY FROM DENIAL OF PETITIONER'S MOTION FOR RULE 60(b) RELIEF

I.

This is a habeas case under 28 U.S.C. § 2254. On March 10, 2005, Petitioner filed a pro se petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner did not file a response to the motion. On November 14, 2005, the Court granted Respondent's motion and dismissed the petition as barred by the statute of limitations.

On August 1, 2007, over a year and half after the Court's dismissal, Petitioner, through counsel, filed a motion under Fed. R. Civ. P. 60(b). The Court denied the motion. See Order filed August 7, 2007.

Before the Court is Petitioner's application for a certificate of appealability.

1

II.

Before Petitioner can appeal the Court's decision denying his motion under Rule 60(b), a certificate of appealability (COA) must issue. See United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (stating that "this prerequisite [a COA] is consistent with the language of section 2253, and therefore hold that [a Petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b)). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State

of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).  Moreover, where a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA.  Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Here, Petitioner argues that he was entitled to Rule 60(b) relief because he was never notified of his right to file a response to Respondent's motion for summary judgment.  The Court denied the motion, noting that the Court fully explained why the petition was time barred and that Petitioner was not entitled to equitable tolling.  The Court also noted that a dismissal due to the expiration of the statute of limitations does not implicate due process.  Petitioner's application for a COA contains the same arguments previously considered and rejected.  Under these circumstances, for the reasons stated in the initial order of dismissal and order denying the Rule 60(b) motion, reasonable jurists would not debate the Court's conclusion that the petition is barred by the statute of limitations.  Accordingly, a COA is DENIED.

SO ORDERED.

 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  September 6, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 6, 2007, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160